UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOHN LODGE,

                    Plaintiff,

      - against -

LOUIS S. D'ALISO, Individually and as
Commissioner of the Westchester County
Department of Public Safety, THE
WESTCHESTER COUNTY DEPARTMENT
OF PUBLIC SAFETY, WESTCHESTER
COUNTY, Sergeant MICHAEL HAGAN,
Sergeant CARL EBERLE, & Sergeant
MICHAEL GROSSI, and Person or Persons
Unknown at the Present Time Constituting
"John Doe" Defendants as to Individuals
Participating in the Causes of Action set
forth herein.

                    Defendants.
----------------------------------------------------------x

04 Civ. 10219 (CLB)

*Memorandum and Order*

Brieant, J.

      By motion filed February 18, 2005 (Doc. 15), County Defendants in this civil rights action move the Court to dismiss Plaintiff's Complaint, in lieu of filing an answer. By cross-motion filed March 29, 2005 (Doc. 22), Plaintiff moves for summary judgment. Plaintiff filed his complaint on December 23, 2004. Both motions were heard on April 22, 2005 and fully submitted for decision.

      The following facts, unless otherwise noted, are undisputed or assumed true for purposes of these motions. At all times relevant to his complaint, Plaintiff was a police officer employed by the Westchester County Police Department, which is a unit of the County of Westchester, part

1

of the Defendant Department of Public Safety of Westchester County (collectively referred to as "WCPD"). Defendant D'Aliso is the Sheriff/Commissioner ("Commissioner") of the WCPD, and is sued in his individual and official capacities, as are Sergeants Hagan, Eberle and Grossi. The "John Doe" defendants remain unidentified.

Plaintiff was hired as a police officer by the County of Westchester on December 27, 1997, and worked as a police officer in other departments for several years prior thereto. Plaintiff alleges that he was illegally deprived by Defendant D'Aliso of promotion to the rank of sergeant, when each of the following individual Defendants were instead promoted: Michael Hagan, Carl Eberle and Michael Grossi. Plaintiff contends that he took the written examination for sergeant at the same time as these men, and despite their ranking "after Plaintiff on the promotional list, [they] were promoted in his stead and are incorporated herein as necessary parties to preserve any State Claims necessary to prosecute this action."

Plaintiff argues that the promotions of these three men were conducted contrary to the rules, customs, laws and regulations governing such promotions, including the New York Civil Service Laws and the regularly conducted compilation of a published Sergeant's promotional list. Plaintiff avers that the prevailing practice was that officers were ranked on this list according to their scored written examination for Sergeant, and that officers with tied scores were ranked according to the last four digits of their social security numbers. Plaintiff claims that he was a candidate on the list since October 29, 1998 and that as of January 1, 2002, he was ranked sixth on the list, preceding Officers Hagan, Eberle and Grossi, who were ranked seventh,

eighth, and tenth, respectively.

On January 21, 2002, several officers preceding Plaintiff on the list, and one officer, Defendant Hagan, who at that time, followed Plaintiff on the list, were promoted to Sergeant. Plaintiff contends that the promotion of Hagan was an unlawful deviation from the customary practice of promoting Sergeants in order of the list, absent an individual having a disciplinary problem. He claims that Commissioner D'Aliso also failed to notify him as to why he'd been "passed over" and that the Commissioner denied Plaintiff's request for a meeting to inquire as to why.

In March of 2002, Plaintiff alleges that he was advised by the president of the Police Benevolent Association ("PBA") that he would be one of several officers promoted to the rank of Temporary Sergeant, and that Plaintiff would then be promoted to permanent Sergeant at the end of Summer 2002.[1] On April 17, 2002, Commissioner D'Aliso implemented for the first time an Operations Order that established a Promotional Review Board ("Board"), which orally interviewed candidates for promotion to the rank of Sergeant and above. There is no provision in the New York Civil Service Law or the Westchester County Charter, so far as this Court can find for such a Board or for a delegation of appointment authority thereto.

Plaintiff contends that the Operations Order was not passed in compliance with law because no public hearing was held, and no public notice was given. He also contends that such

---

[1] The President of the PBA has no appointment authority.

a change affecting promotions must be one that applies uniformly to all candidates *before* the eligible list is formed, and that such a change may not be effective while a promotional list is active. There is also a serious issue of whether such an order may be imposed unilaterally without discussion with the collective bargaining agency.

All of these issues implicate serious issues of New York law, in which the state has a paramount interest. The establishment of the Promotional Review Board, while it may be *ultra vires* under New York law as an improper delegation, and may have been created without adequate public notice and hearing, does not seem to rise to the level of a Constitutional violation of Mr. Lodge's rights. Commissioner D'Aliso remains the appointing officer under the County Charter. Presumably he can seek informal advice from whomsoever he chooses about promotions. This Court will abstain in favor of the state courts of New York with respect to the lawfulness of the Promotional Review Board, and the subsidiary issue of whether it was lawfully created.[2]

On May 23, 2002, after having sat for oral interviews with the Board, Plaintiff and four other officers were appointed to the rank of temporary Sergeant. The Board rated the individual candidates and sent its finding to the Commissioner. Plaintiff's list ranking on the certified list prior to the Operations Order was second, and remained so after the Board interviews were conducted.

---

[2] We understand the Board has since been disbanded.

Thereafter, the three individual defendants were appointed to the permanent rank of sergeant, each while among the top three names on the Eligible Civil Service List.

On July 22, 2002, Plaintiff, in conjunction with the PBA filed an Article 78 proceeding, in the New York Supreme Court, Westchester County. The case was dismissed for failure to include the Sergeants for whom Plaintiff was allegedly passed over, as necessary parties. The merits of Plaintiff's claims were therefore not adjudicated in the state court action.[3]

Plaintiff claims that he was unlawfully denied promotion on three occasions and that Commissioner D'Aliso's failure to inform him of being passed over violates New York law. He also claims that it was the "long-standing practice" of the WCPD to promote Officers to Sergeants in the order of the list unless a candidate had a disciplinary issue. Plaintiff's complaint alleges "Violation of 42 U.S.C. 1983 Acting Under Color of State Law" for establishment of the Board, Arbitrary and Capricious Treatment, Violation of Equal Protection, Violation of Due Process under the United States and New York Constitutions, Violation of 5 U.S.C. 706, retaliation Fourteenth Amendment due process and equal protection rights, First Amendment retaliation, arbitrary and capricious treatment and violation of Plaintiff's right to compete and failure to supervise.

---

[3] The decision of Justice Barone states in regard to Plaintiff's contention as to the validity of the Board's appointment and implementation of oral interview component: "It is apparent the Commissioner had the authority to appoint a Review Board and consider interviews with promotional candidates as part of the process for evaluations. Such act is not arbitrary or capricious." *See Decision Oct. 22, 2002 (Ex. H)* at 4.

5

Defendants contend that the appointments complained of were made in accordance with the "one in three" rule as permitted by Section 61 of the New York Civil Service Law.

**Discussion**

In considering a motion to dismiss under Rule 12(b)(6), the Court is obliged to accept the well-pleaded assertions of fact in the complaint as true and to draw all reasonable inferences and resolve doubts in favor of the non-moving party. *See Kaluczky v. City of White Plains*, 57 F.3d 202, 206 (2d Cir. 1995). The focus of the Court's inquiry is not whether plaintiffs will ultimately prevail, but whether the claimants are entitled to an opportunity to offer evidence in support of their claims. Therefore a motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Plaintiff has not set forth any cognizable basis for his contention that the failure to promote violates the Constitution or federal law. Facially, the decision complained of seems authorized by the respected "one-in-three rule" which has been in effect in New York for more than a century. Plaintiff relies solely on the conclusory assertion that he has an expectation of a promotion because his name appeared next in line on a Civil Service List, and at least in recent years the Commissioner and his predecessors have not invoked their statutory right to promote any one out of the top three names on the certified list.

This claim of entitlement does not rise to the level of an expectation warranting

Constitutional protection, and does not form the basis of an equal protection claim, since all candidates were subjected to the same procedures for appointments. Plaintiff contends also that he was deprived of a property interest and due process by being passed over for promotion. Defendant contends, and the Court agrees, that a property interest does not attach to an expectation of promotion. In *McMenemy v. City of Rochester*, 241 F.3d 279, 286 (2d Cir. 2001), our Court of Appeals held: "New York State courts repeatedly have acknowledged the importance of the discretionary governmental appointive power embodied in Civil Service Law § 61, and have rejected attempts to invoke the aid of the courts to limit the reasonable exercise of that discretion." Even if the Commissioner intended to promote Plaintiff at one time, and even if he expressed that intention as a promise, his broad discretion in matters of promotion, granted by statute, prevent that promise from ripening into an entitlement. *See id.* Plaintiff's claims for deprivation of a property interest and due process are therefore dismissed.

This Court does not believe that the statutory power to choose one out of three becomes atrophied merely by failure to exercise it, nor can such failure create an expectation protected by law.

Because Plaintiff's complaints originally raised in an Article 78 proceeding do not involve matters of public concern, they are not entitled to First Amendment protection. Accordingly, Plaintiff's retaliation claim cannot stand. His "speech" critical of the Commissioner in the Article 78 Proceeding did not rise to the level of speech constituting a matter of public concern. Also, Plaintiff has failed to allege causation arising out of his filing of

an Article 78 proceeding. When Plaintiff filed an Article 78 proceeding, he did so to promote his own cause in seeking a promotion to Sergeant, and not as a whistle blower.

The Court agrees also that there is no claim for violation of the right to compete recognized in the context of a civil rights action. This claim is also dismissed.

Plaintiff's fifth claim alleges requests that the Court invoke powers under Section 706 of the federal Administrative Procedures Act, 5 U.S.C. §706, to revoke the establishment of the Promotions Review Board, since disbanded, and to order that Plaintiff be promoted. The federal statute cited is not applicable to Defendants.

The Motion to Dismiss is granted as to all Defendants. Such dismissal is without prejudice as to all claims arising under state law concerning the Promotional Review Board. Plaintiffs' motion for summary judgment is denied.

The Clerk shall file a final judgment.
X
   X
      X
         X
            X
               X

SO ORDERED.

Dated: White Plains, New York
April 27, 2005

_____
Charles L. Brieant, U.S.D.J.